IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America | ) | |
|     Plaintiffs | ) | Case No: 13 CR 772-19 |
| | ) | |
| v. | ) | |
| | ) | Judge: Elaine E. Bucklo |
| Gregory Hawthorne | ) | |
|     Defendant | ) | |
| | ) | |

## ORDER

I have examined de novo defendant Gregory Hawthorne's objections to Magistrate Judge Cole's Report and Recommendation, in which Judge Cole recommends the denial of Mr. Hawthorne's motion to suppress. I adopt Judge Cole's careful and thorough Report and Recommendation. Defendant argues that Judge Cole considered the arguments made piece by piece and did not consider them as a whole. On the contrary, Judge Cole considered whether any of the arguments could support defendant's claims and rejected each argument for the reasons stated in his Report and he also considered and properly rejected the claim that considered as a whole the warrant application was made in bad faith or with reckless disregard for the truth of the informant's statements. Judge Cole also concluded reasonably that the police officer relied on the warrant in good faith. All that defendant states in terms of specific objections are that it was inherently implausible for a gun buyer to discuss buying a firearm and inspect a cache of weapons in front of a total stranger. But Judge Cole noted that there was nothing implausible about one person discussing potential criminal activity in the presence of others under the circumstances. We do not know what was in the mind of the person alleged to be seeking to buy a gun. Perhaps he was spooked, as the affidavit says he did not actually buy a gun. That takes nothing away from the reasonableness of the informant's statement. I also disagree with defendant's argument that more would reasonably have been expected in terms of description of the apartment. The informant explained, and Judge Cole noted, that the apartment was on the second floor of a house, apparently not a legal apartment. In addition, of course, as discussed by Judge Cole, Mr. Hawthorne was identified, and the address of the house was identified. Lastly, defendant complains that Judge Cole did not talk about the lack of a description of the would be gun buyer. But a description of this person would not appear to have added anything to the application for a warrant. Defendant's motion to suppress is denied.

(T:.)

Date: Oct. 20, 2014                                      /s/ Hon. Elaine E. Bucklo